# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| SALVIN DENTAL SPECIALTIES, INC. ) | Civil Action No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| ) | |
| G.DENTAL SHOP, LLC d/b/a GLOBAL ) | |
| DENTAL SHOP ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| ) | |
| ) | |

1. Plaintiff Salvin Dental Specialties, Inc. ("Plaintiff" or "Salvin") brings this action pursuant to 15 U.S.C. § 1114, 15 U.S.C. § 1125, North Carolina General Statutes §§ 75-1.1 *et seq.*, and North Carolina common law, seeking injunctive relief and damages against Defendant G.Dental Shop, LLC d/b/a Global Dental Shop ("Defendant" or "Global"), for trademark infringement, unfair competition, and unfair and deceptive trade practices, and alleges and says as follows:

## PARTIES

2. Plaintiff is a North Carolina corporation with its headquarters at 3450 Latrobe Drive, Charlotte, North Carolina 28211.

3. Upon information and belief, the Defendant is a Delaware limited liability company with an address at 1426 21st Street NW, Washington, DC 20036.

4. Upon information and belief, Defendant advertises, promotes, offers, and provides products and services related to dentistry and oral procedures throughout the United States, including in this State and District.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

6. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen Stat. § 1-75.4 because, upon information and belief, Defendant is doing business in this State and District, and has sufficient minimum contacts with this State to support the exercise of personal jurisdiction.

7. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

8. Plaintiff is a leading supplier of products and services related to dentistry and oral procedures. Plaintiff, a privately held company doing business in over 100 countries, develops, manufactures and markets regenerative biomaterials and surgical instrumentation specifically for implant dentistry. Its founder, Mr. Bob Salvin, has over 30 years of experience in the dental industry, with thousands of hours of continuing education in implant dentistry. He is a Past President of the Charlotte World Trade Association, and the Metrolina Business Council, is the recipient of the Gateway International Trade Award, the North Carolina Governor's International Trade Award and has been honored by the Seattle Study Club with the Charlie English Community Education Award. Additionally, Mr. Salvin is an Ernst & Young Entrepreneur of the Year Award Winner.

9. Plaintiff is the owner of U.S. Trademark Registration Nos. 4,338,842 and 2,422,333 for the mark SALVIN® (the "SALVIN Mark").

10. Plaintiff's U.S. Trademark Registration No. 4,338,842 was issued on May 21, 2013, from an application filed on November 14, 2012, and are directed to the following goods and services:

> Bone implants made of living tissue (International Class 5);
>
> Dental burrs and hand pieces; surgical cutlery, drapes, gowns, lamps, screws and tacks; bone spreaders; dental and surgical drills; bone implants made of artificial materials; mri ultrasound and x-ray diagnostic apparatus; medical examination gowns and treatment apparel (International Class 10); and
>
> Online retail store services featuring dental and medical supplies; catalog ordering services featuring dental and medical supplies (International Class 35).

A copy of U.S. Trademark Registration No. 4,338,842 is attached hereto as Exhibit A.

11. Plaintiff's U.S. Trademark Registration No. 2,422,333 was issued on January 16, 2001, from an application filed on July 16, 1999, and are directed to the following goods and services:

> Dental burrs and handpieces; surgical cutlery, drapes, gowns, lamps, screws and tacks; bone spreaders; dental and surgical drills; bone implants; MRI ultrasound and X-ray diagnostic apparatus; medical examination gowns and treatment apparel (International Class 10).

A copy of U.S. Trademark Registration No. 2,422,333 is attached hereto as Exhibit B.

12. Plaintiff's SALVIN Mark was first used in commerce in connection with such goods and services as early as February 1981.

13. Plaintiff is the owner of U.S. Trademark Registration No. 2,426,349, for the mark SALVIN DENTAL SPECIALTIES® (the "SALVIN DENTAL Mark"), directed to the following goods and services:

> Dental burrs and handpieces; surgical cutlery, drapes, gowns, lamps, screws and tacks; bone spreaders; dental and surgical drills; bone implants; MRI ultrasound and x-ray diagnostic apparatus; medical examination gowns and treatment apparel (International Class 10).

A copy of U.S. Trademark Registration No. 2,426,349 is attached hereto as Exhibit C.

14. Plaintiff's SALVIN DENTAL Mark was first used in commerce in connection with such goods and services as early as June 1994. U.S. Trademark Registration No. 2,426,349 was issued on February 6, 2001, from an application filed on July 16, 1999.

15. Plaintiff uses in commerce the SALVIN and SALVIN DENTAL Marks in connection with the goods and services recited in its registrations for the respective marks, including, without limitation, products and services related to dentistry and oral procedures.

16. Plaintiff's rights in its SALVIN and SALVIN DENTAL Marks is well known given the prominence of Plaintiff's business and extensive and widespread use by Plaintiff of its marks. Upon information and belief, Defendant knows of Plaintiff, its business, and its marks.

## DEFENDANT'S UNLAWFUL CONDUCT

17. Upon information and belief, Defendant has purchased internet "adwords" for Plaintiff's SALVIN and SALVIN DENTAL Marks so that an internet search of "SALVIN" or "SALVIN DENTAL" yields an advertisement, featuring the SALVIN Mark, linked to Defendant's goods and services. Copies of Defendant's advertisement generated from an internet search of the SALVIN Mark and the SALVIN DENTAL Mark is attached hereto as Exhibit D.

18. Upon information and belief, Defendant has used and is using in commerce the SALVIN and SALVIN DENTAL Marks in connection with the sale, offering for sale, advertising, and providing of dentistry and oral procedure products and related goods and services.

19. Defendant's use of the SALVIN and SALVIN DENTAL Marks in connection with its services is without Plaintiff's consent.

20. Upon information and belief, Defendant sells, offers for sale, advertises, and provides its goods and services under the SALVIN and SALVIN DENTAL Marks in the same or similar channels of trade as those in which Plaintiff offers its goods and services under the SALVIN and SALVIN DENTAL Marks.

21. The Defendant's use of the SALVIN and SALVIN DENTAL Marks in connection with dentistry and oral procedure tools and related goods and services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

22. Defendant's actions have been intentional, willful, malicious, and in complete disregard of Plaintiff's rights.

23. Defendant's activities have caused and will continue to cause damage to Plaintiff by, *inter alia*, harming Plaintiff's sales, goodwill, and reputation.

24. Plaintiff is suffering irreparable harm and damage as a result of Defendant's acts in an amount not yet determined.

25. Defendant's unlawful conduct has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff through injury and loss to Plaintiff's business, reputation, and goodwill. Plaintiff has no adequate remedy at law to redress these injuries.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement - 15 U.S.C. § 1114)**

26. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

27. Plaintiff owns valid and enforceable trademark rights in its SALVIN Mark, which is registered on the Principal Register of the United States Patent and Trademark Office

as U.S. Trademark Registration No. 4,338,842, and on the Supplemental Register of the United States Patent and Trademark Office as U.S. Trademark Registration No. 2,422,333.

28. Plaintiff owns valid and enforceable trademark rights in its SALVIN DENTAL Mark, which is registered on the Principal Register of the United States Patent and Trademark Office as U.S. Trademark Registration No. 2,426,349.

29. Plaintiff has the exclusive right to use the SALVIN and SALVIN DENTAL Marks in commerce in connection with the goods and services recited in its trademark registrations, including, without limitation, products for dentistry and oral procedures and related goods and services.

30. Defendant has, without Plaintiff's consent, used the SALVIN and SALVIN DENTAL Marks in connection with the sale, offering for sale, distribution, advertising, and providing of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

31. As a result of Defendant's infringement, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

32. Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a).

33. Defendant's infringement of Plaintiff's rights in its SALVIN and SALVIN DENTAL Marks, in violation of 15 U.S.C. § 1114, has caused irreparable injury to Plaintiff's reputation and goodwill. Upon information and belief, unless restrained and enjoined, Defendant will continue to infringe Plaintiff's rights in its SALVIN and SALVIN DENTAL Marks.

34. Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

### SECOND CLAIM FOR RELIEF
(Unfair Competition – 15 U.S.C. § 1125)

35. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

36. Plaintiff owns valid and enforceable trademark rights in its SALVIN and SALVIN DENTAL Marks, and has the exclusive right to use this mark in commerce in connection with the goods and services recited in its trademark registrations, including, without limitation, products for dentistry and oral procedures and related goods and services.

37. Defendant's use of the SALVIN and SALVIN DENTAL Marks in connection with products for dentistry and oral procedures and related goods and services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

38. Defendant's use of the SALVIN and SALVIN DENTAL Marks in connection with products for dentistry and oral procedures and related goods and services in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, and origin of its services, in violation of 15 U.S.C. § 1125(a)(1)(B).

39. Defendant has competed unfairly with Plaintiff and realized unjust profits as a result of its unfair competition.

40. Defendant has knowingly and willfully infringed Plaintiff's rights in its SALVIN and SALVIN DENTAL Marks by virtue of Defendant's use in commerce of the SALVIN and

SALVIN DENTAL Marks in connection with products for dentistry and oral procedures and related goods and services.

41. As a result of Defendant's infringement, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

42. Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117.

43. Defendant's infringement of Plaintiff's rights in its SALVIN and SALVIN DENTAL Marks, in violation of 15 U.S.C. § 1125, has caused irreparable injury to Plaintiff's reputation and goodwill. Plaintiff believes that, unless restrained and enjoined, Defendant will continue to infringe Plaintiff's rights in its SALVIN and SALVIN DENTAL Marks.

44. Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

### THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement)**

45. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

46. Plaintiff owns valid and enforceable trademark rights in its SALVIN and SALVIN DENTAL Marks, and has the exclusive right to use this mark in commerce in connection with products for dentistry and oral procedures and related goods and services.

47. Defendant's use of the SALVIN and SALVIN DENTAL Marks in connection with products for dentistry and oral procedures and related goods and services is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services by Plaintiff.

48. By using the SALVIN and SALVIN DENTAL Marks in connection with goods and services similar to those offered by Plaintiff, namely, products for dentistry and oral procedures and related goods and services, in the same channels of trade as those used by Plaintiff, Defendant is unlawfully passing off its goods and services as those of Plaintiff.

49. As a result of Defendant's infringement, Defendant has been unjustly enriched and Plaintiff has suffered damages, including lost sales, lost profits and lost goodwill.

50. Defendant's infringement of Plaintiff's rights in its SALVIN and SALVIN DENTAL Marks has caused irreparable injury to Plaintiff's reputation and goodwill. Upon information and belief, unless restrained and enjoined, Defendant will continue to infringe Plaintiff's rights in its SALVIN and SALVIN DENTAL Marks.

51. Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained.

**FIFTH CLAIM FOR RELIEF**
**(Unfair and Deceptive Trade Practices – N.C.G.S. - §§75-1.1 *et seq.*)**

52. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

53. Defendant's acts as alleged herein have been willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous.

54. Defendant's conduct, which is in or affecting commerce, constitutes unfair methods of competition and unfair and deceptive acts or practices, within the meaning of North Carolina General Statute § 75-1.1 and North Carolina common law.

55. Plaintiff has been damaged by Defendant's conduct and is entitled to monetary and injunctive relief pursuant to North Carolina General Statutes §§ 75-1.1 *et seq*. and other applicable law, such as an award of monetary damages, including the amount of the actual losses caused to Plaintiff by Defendant's unfair competition, lost profits, disgorgement of the

unfair gains and other unjust enrichment benefiting Defendant, attorneys' fees and costs pursuant to North Carolina General Statute § 75-16.1, and treble damages pursuant to North Carolina General Statute § 75-16, together with any and all amounts to be shown at trial.

**WHEREFORE**, Plaintiff respectfully prays the Court to:

A.	Permanently enjoin Defendant, its officers, agents, representatives, employees, and those persons acting in concert or participation with Defendant, from using the SALVIN and SALVIN DENTAL Marks, or any other mark, word, name, symbol, or slogan which is likely to cause confusion, mistake, or deception with respect to Plaintiff's SALVIN and SALVIN DENTAL Marks, pursuant to 15 U.S.C. § 1116(a);

B.	Order Defendant to pay all actual damages suffered by Plaintiff as a result of Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

C.	Order Defendant to disgorge all profits attributable to Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

D.	Grant Plaintiff a monetary award against Defendant to account for Defendant's unlawful conduct;

E.	Grant Plaintiff treble damages and attorney's fees, due to the willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous conduct of Defendant, pursuant to 15 U.S.C. § 1117(a) and N.C. Gen. Stat. §§ 75-16 and 75-16.1;

F.	Order that Defendant pay the costs of this action, pursuant to 15 U.S.C. § 1117(a);

G.	Grant Plaintiff pre-judgment and post-judgment interest; and

H.	Grant such other and further relief as this Court may deem just and equitable. Plaintiff hereby demands a trial by jury on all issues so triable.

Date:  January 29, 2016				Respectfully submitted,

							s/ J. Mark Wilson
							J. Mark Wilson
							N.C. State Bar No. 25763
							Minnie Kim
							N.C. State Bar No. 46178

							MOORE & VAN ALLEN PLLC
							Suite 4700
							100 North Tryon Street
							Charlotte, NC  28202-4003
							Telephone: (704) 331-1177
							Facsimile: (704) 339-5981
							Email: markwilson@mvalaw.com
							          minniekim@mvalaw.com


							**ATTORNEYS FOR PLAINTIFF**
							**SALVIN DENTAL SPECIALTIES,**
							**INC.**